IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RHONDA SEXTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 2:24-CV-06-KFP |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | ) ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Rhonda Sexton filed a Complaint seeking review of the Social Security Administration's decision denying her application for disability, disability insurance benefits, and supplemental security income. Doc. 1. The Court construes Plaintiff's supporting brief (Doc. 10) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 11) as a motion for summary judgment. The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). Docs. 6, 7.

After scrutiny of the record and the motions submitted by the parties, the Court finds that Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

I.      STANDARD OF REVIEW

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner and, even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

II.     PROCEDURAL BACKGROUND

On May 27, 2021, Plaintiff filed an application for a period of disability and disability insurance benefits, and an application for supplemental security income, alleging disability as of May 15, 2021. R. 17. Plaintiff's applications were denied on initial review and reconsideration. *Id.* After the reconsideration denial, she requested a hearing before an Administrative Law Judge (ALJ). *Id*. The ALJ held a telephone hearing on March 13, 2023. *Id*. The ALJ issued an unfavorable decision on May 24, 2023 (R. 33), and the Appeals Council denied Plaintiff's request for review of the hearing decision, (R. 1). Thus, the hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g).

## III. THE ALJ'S DECISION

Upon review of the record, the ALJ determined Plaintiff had severe impairments of "left middle cerebral artery aneurysm and subarachnoid hemorrhage, subsequent cerebrovascular accident/right occipital lobe infarct, hypertension, mild obesity, and amnestic disorder." R. 20. Despite these impairments, the ALJ determined Plaintiff has the residual functional capacity (RFC) to perform a range of "light work." R. 24. The ALJ then found, based on testimony from the vocational expert (VE), that a significant number of jobs exist in the national economy Plaintiff could perform with her limitations. R. 32. Thus, the ALJ determined Plaintiff was not disabled. R. 32–33.

## IV. DISCUSSION

Plaintiff's brief identifies one issue for this Court's review: whether the ALJ erred by failing to order a neuropsychological consultative examination. Doc. 10 at 2. She argues that "a consultative examination was necessary for an informed decision, because the medical evidence of record pertaining to [her] neurological impairments did not provide an adequate record for the ALJ to properly determine the nature and extent of [her] mental limitations and their impact on [her] RFC." *Id.* at 12.

The ALJ has a basic duty to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (citation omitted). This duty generally requires the ALJ to assist, when necessary, in gathering medical evidence from Plaintiff's medical sources and to order a consultative examination when one is necessary to make an informed decision. 20 C.F.R. § 404.1512(b). Nonetheless, "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in

3

support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citations omitted).

"Ordering a consultative examination is a discretionary matter for the ALJ and would be sought 'to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision' on the claim." *Banks for Hunter v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 706, 713 (11th Cir. 2017) (quoting 20 C.F.R. § 416.919a(b)). Before the Court will remand a case for further development of the record, there must be a showing that the ALJ's failure to develop the record led to evidentiary gaps, which resulted in unfairness or clear prejudice. *Graham*, 129 F.3d at 1423 (citing *Brown v. Shalala*, 44 F.3d 931, 934–35 (11th Cir. 1995)). At a minimum, clear prejudice "requires a showing that the ALJ did not have all of the relevant evidence before him in the record . . . or that the ALJ did not consider all of the evidence in the record in reaching his decision." *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985) (citation omitted).[1]

---

[1] The Social Security regulations provide:

> Situations that may require a consultative examination. We may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim. Some examples of when we might purchase a consultative examination to secure needed medical evidence, such as clinical findings, laboratory tests, a diagnosis, or prognosis, include but are not limited to:
> (1) The additional evidence needed is not contained in the records of your medical sources;
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources; or

Upon review, the undersigned concludes that the ALJ fulfilled his obligation to develop a full and fair record in this case, and his failure to order a consultative examination did not result in unfairness or clear prejudice to Plaintiff. As an initial matter, at no time during the hearing before the ALJ did Plaintiff or her counsel request an additional consultative examination or suggest that further medical evidence was needed to evaluate Plaintiff's condition. R. 43-63. Additionally, it appears the ALJ considered all the medical records that existed from Plaintiff's alleged onset date through the date of his decision, and Plaintiff does not challenge the accuracy of these records or the ALJ's analysis of these records. *See generally* Doc. 10.

The Plaintiff takes issue with the lack of neuropsychological testing and that no consultative exams were conducted after her "second stroke"[2] in December 2021. Doc. 10 at 12. However, the ALJ provided a thorough analysis of Plaintiff's medical treatment. R. 24–31. A neurological exam at Plaintiff's discharge from University of Alabama at Birmingham Medicine "showed she was alert and oriented. She followed commands and had no drift. She was discharged home in stable condition." R. 26 (emphasis in original); *see also* R. 427. The ALJ summarized Plaintiff's follow-up consultative exam with Dr.

---

      (4) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established.

20 C.F.R. § 404.1519a(b).

[2] There is a dispute among the parties as to whether Plaintiff was hospitalized in December 2021 for a "stroke." The ALJ did not state whether the December 2021 hospitalization was due to a "stroke," and as the Court cannot reweigh the evidence, it cannot resolve this conflict. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Further, resolution of whether the December 2021 hospitalization was due to a "stroke" would not alter the Court's decision because the ALJ had sufficient evidence to support his determination.

Case 2:24-cv-00006-KFP   Document 12   Filed 10/29/24   Page 6 of 7

Hayden and Plaintiff's psychological exam by consultative examiner Dr. Brantley. R. 26–27. The ALJ stated that during her December 2021 hospitalization, Plaintiff was treated by neurology and "any weakness she had at admission improved over the course of her stay. She had 5/5 motor strength in all extremities." R. 27; *see also* R. 494–495. Additionally, the ALJ considered Plaintiff's testimony that she is currently able to care for her disabled daughter, grocery shop, prepare simple meals, and perform light household chores. For those reasons, among others, he determined that Plaintiff was capable of "light work."

The objective evidence, treatment records, Plaintiff's self-assessment in her testimony, and the exam findings of evaluating doctors provided sufficient evidence for the ALJ to make an RFC determination. Although Dr. Hayden noted that the "exact degree of complex impairment [] is difficult to ascertain without complex neuropsychological testing," (R. 481), "the statute does not require absolute certainty; it requires only substantial evidence to sustain the Secretary's findings." *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988). The absence of a neuropsychological consultative exam did not render the ALJ incapable of making an overall RFC determination. Plaintiff's "disagreement with the interpretation of [the] evidence does not warrant a remand of her case." *Sarria v. Comm'r of Soc. Sec.*, 579 F. App'x 722, 724 (11th Cir. 2014).

Thus, the ALJ did not err in failing to order a consultative examination under these circumstances.

6

## V. CONCLUSION

For the reasons set forth above, the undersigned finds that the ALJ's determinations are supported by substantial evidence and that the ALJ correctly applied the law. Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 10) is DENIED;

2. The Commissioner's Motion for Summary Judgment (Doc. 11) is GRANTED; and

3. The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 29th day of October, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE